Hearing Date: March 6, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: February 28, 2012 at 4:00 p.m. (Prevailing Eastern Time)

James B. Kobak, Jr.
Christopher K. Kiplok
Jeffrey S. Margolin
Dina R. Hoffer
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of MF Global Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| MF GLOBAL INC., | Case No. 11-2790 (MG) SIPA |
| Debtor. | |
| HSBC BANK USA, NATIONAL ASSOCIATION, | |
| Interpleader Plaintiff, | |
| v. | Adv. Proc. No. 11-2924 (MG) |
| JASON FANE and JAMES W. GIDDENS, in his capacity as Trustee for MF Global Inc., | |
| Interpleader Defendants. | |

## NOTICE OF MOTION PURSUANT TO FED. R. BANKR. P. 9019(a) FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT

**PLEASE TAKE NOTICE** that, on February 21, 2012, James W. Giddens (the

"Trustee"), as trustee for the liquidation of the business of MF Global Inc. ("MFGI" or the

"Debtor"), under the Securities Investor Protection Act ("SIPA") of 1970, as amended, 15 U.S.C.

§ 78aaa et seq., by and through his undersigned counsel, filed a motion (the "Motion") pursuant

to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for

approval of a settlement and compromise among HSBC Bank USA, National Association

("HSBC"), Jason Fane, and the Trustee (together with Mr. Fane and HSBC, the "Parties").

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held

before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York, Courtroom 501, One Bowling Green,

New York, New York, 10004 (the "Bankruptcy Court"), on **March 6, 2012 at 10:00 a.m.**

(Prevailing Eastern Time) or as soon thereafter as counsel may be heard (the "Hearing").

      **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the

Order must (i) be in writing; (ii) state the name and address of the objecting party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

objection; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399, by registered users of the Court's Electronic Case Filing

System, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **February 28, 2012 at 4:00 p.m.** (the "Response Deadline"); and

(vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New

York, 10004, Attn: Christopher K. Kiplok, Esq., Jeffrey S. Margolin, Esq., and Eleni D.

Theodosiou-Pisanelli, Esq.; (b) the Securities Investor Protection Corporation, 805 Fifteenth

Street, N.W., Suite 800, Washington, D.C., 20005, Attn: Josephine Wang, Esq. and Christopher

H. LaRosa, Esq.; (c) the Commodity Futures Trading Commission, Three Lafayette Centre, 1155

21st Street N.W., Washington, D.C., 20581, Attn: Martin B. White, Esq.; (d) HSBC Securities

(USA) Inc., Global Banking and Markets, 452 Fifth Avenue, New York, New York, 10018,

Attn: Victoria Cumings, Esq.; (e) Paul Hastings LLP, Park Avenue Tower, 75 East 55th Street,

First Floor, New York, New York, 10022, Attn: Bryan R. Kaplan, Esq.; (f) Paul Hastings LLP,

600 Peachtree Street, N.E., Twenty-Fourth Floor, Atlanta, Georgia, 30308, Attn: Jesse H. Austin,

III, Esq.; (g) Mr. Jason Fane, 102 Prospect Street, Number 500, Ithaca, New York, 14850; and

(h) Ms. Daria Fane, c/o 1916 Partners, Ten Rockefeller Plaza, Suite 1016, New York, New York,

10020, with a courtesy copy to the chambers of the Honorable Martin Glenn, United States

Bankruptcy Court, Courtroom 501, One Bowling Green, New York, New York, 10004.

        **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon

default.

Dated:       New York, New York
          February 21, 2012

            HUGHES HUBBARD & REED LLP

            By:/s/ James B. Kobak, Jr.
               James B. Kobak, Jr.
               Christopher K. Kiplok
               Jeffrey S. Margolin
               Dina R. Hoffer
             One Battery Park Plaza
             New York, New York 10004
             Telephone:  (212) 837-6000
             Facsimile:  (212) 422-4726
             Email:  kobak@hugheshubbard.com

            Attorneys for James W. Giddens, Trustee for
            the SIPA Liquidation of MF Global Inc.

James B. Kobak, Jr.
Christopher K. Kiplok
Jeffrey S. Margolin
Dina R. Hoffer
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of MF Global Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>                MF GLOBAL INC.,<br><br>                                    Debtor. | Case No. 11-2790 (MG) SIPA |
| HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>        Interpleader Plaintiff,<br><br>                    v.<br><br>JASON FANE and JAMES W. GIDDENS, in his<br>capacity as Trustee for MF Global Inc.,<br><br>        Interpleader Defendants. | Adv. Proc. No. 11-2924 (MG) |

## MOTION PURSUANT TO FED. R. BANKR. P. 9019(a) FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT

James W. Giddens (the "Trustee"), as trustee for the SIPA liquidation of the

business of MF Global Inc. ("MFGI" or the "Debtor"), under the Securities Investor Protection

Act ("SIPA"), 15 U.S.C. § 78aaa et seq.,[1] by and through his undersigned counsel, hereby files

this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), for approval of a settlement and compromise among HSBC

Bank USA, National Association ("HSBC" or the "Interpleader Plaintiff"), Jason Fane, and the

Trustee (together with Mr. Fane, the "Interpleader Defendants" and, together with Mr. Fane and

HSBC, the "Parties") as set forth in the settlement agreement, dated February 21, 2012, attached

hereto as Exhibit 1 (the "Settlement Agreement"), pursuant to which the Parties have agreed to

settle and compromise certain claims as described below.  In support of the Motion, the Trustee

respectfully states as follows:

## **BACKGROUND**

1.    On October 31, 2011 (the "Filing Date"), the Honorable Paul A.

Engelmayer, United States District Court for the Southern District of New York, entered the

Order Commencing Liquidation of MFGI (the "MFGI Liquidation Order") pursuant to the

provisions of SIPA in the case captioned Securities Investor Protection Corp. v. MF Global Inc.,

Case No. 11-CIV-7750 (PAE).

2.    The MFGI Liquidation Order:  (i) appointed the Trustee for the liquidation

of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA, and (ii) removed the case

to this Court as required for SIPA cases by section 78eee(b)(4) of SIPA (the "SIPA

Proceeding").

---

1.    For convenience, subsequent references to SIPA will omit "15 U.S.C."

## Property Subject to the Adversary Proceeding

3.        Prior to the Filing Date of the SIPA Proceeding, currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Mr. Fane took delivery, through a customer trading account cleared by MFGI, of five COMEX gold futures contracts and three COMEX silver futures contracts relating to five gold bars and fifteen silver bars being held by HSBC, as further described in Exhibit A to the Settlement Agreement annexed hereto as Exhibit 1 (the "Property").

4.        Prior to the Filing Date, Mr. Fane requested that the Property be transferred from HSBC to Mr. Fane's Brink's account, Account No. 121634 (the "Brink's Account"); accordingly, the contracts relating to the Property were cancelled for loadout by MFGI employees prior to the Filing Date and thus the Property did not enter the Trustee's control on the Filing Date.

5.        HSBC is the depository for the Property pursuant to a certain Gold Delivery Point Agreement and a certain Silver Delivery Point Agreement entered into between HSBC and the New York Mercantile Exchange, Inc.  At all times prior to the Filing Date and through the present, HSBC has been in possession of, and has not had any ownership interest in, the Property.

6.        As a result of HSBC having received competing claims and instructions from the Interpleader Defendants regarding ownership and disposition of the Property, on December 8, 2011, HSBC commenced the above-captioned adversary proceeding (the "Interpleader"), requesting that the Bankruptcy Court adjudicate the rights of the Interpleader Defendants in the Property without further involvement by HSBC.

7.      The Parties have engaged in good faith negotiations in an attempt to resolve the Interpleader and ownership of the Property without further cost and litigation.  To this end, the Trustee has advised HSBC that:  (i) upon review of the books and records of MFGI, the Trustee has determined that the Property is not customer property under the regulations of the Commodity Futures Trading Commission, 17 C.F.R. §§ 190.01 through 190.10 (the "Part 190 Regulations"); and (ii) MFGI has no interest in the Property.  The Trustee has instructed HSBC to release the Property to Mr. Fane upon the Bankruptcy Court's approval of the Settlement Agreement in the form of a Final Order (as defined in the Settlement Agreement).

## JURISDICTION AND VENUE

8.      Following removal to this Court, this Court has "all of the jurisdiction, powers, and duties conferred by [SIPA] upon the court to which the application for the issuance of the protective decree was made."  SIPA section 78eee(b)(4).

9.      Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C. section 78aa.

## THE SETTLEMENT AGREEMENT

10.      The principal terms of the proposed Settlement Agreement are as follows:[2]

(a) The Parties agree that the Property is not, and shall not be deemed to be, MFGI customer property under the Part 190 Regulations.

---

2.  The precise terms of the Parties' agreement are reflected in the Settlement Agreement, annexed hereto as Exhibit 1.  In the event of any discrepancy between the description of the Settlement Agreement set forth herein and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall govern.  Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

(b) HSBC shall deliver the Property to Mr. Fane's Brink's Account within ten (10) days of approval of the Settlement Agreement by Final Order of the Court.  Mr. Fane shall arrange for the transportation of the Property and shall be solely responsible for any and all costs incurred in connection with the delivery of the Property.

(c) The Parties will exchange general mutual releases of all claims relating to the Property and the Interpleader.

(d) Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7041(a), the Interpleader shall be deemed dismissed with prejudice upon the approval of the Settlement Agreement by the Bankruptcy Court in the form of a Final Order.

## RELIEF REQUESTED

11.     The Trustee has determined that litigation over the foregoing events, with its attendant costs and risks, would not be in the best interest of the MFGI estate.  By this Motion, the Trustee requests approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019(a).

**A.     Basis For Relief**

12.     Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Bankruptcy Rule 9019(a) "empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interests of the estate."  Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).  Accordingly, the Court is authorized to approve the settlement, on the terms set forth in the Settlement Agreement.

13.     In determining whether to approve a proposed settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate.  Protective Comm. for Independent Stockholders of TMT Trailer Ferry Inc. v. Anderson, 390 U.S. 414, 424 (1968); In re Ionosphere

Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).  A decision to

approve a particular compromise or settlement is within the sound discretion of the bankruptcy

court.  In re Drexel Burnham, 134 B.R. at 505.  It is appropriate for the court to consider the

opinions of the trustee or debtor in possession that a settlement is fair and reasonable.  Nellis v.

Shugrue, 165 B.R. 115, 122 (S.D.N.Y. 1994).  In addition, the bankruptcy court should exercise

its discretion "in light of the general public policy favoring settlements."  In re Hibbard Brown &

Co., 217 B.R. 31 (Bankr. S.D.N.Y. 1998); see also Shugrue, 165 B.R. at 123 ("the general rule

[is] that settlements are favored and, in fact, encouraged by the approval process outlined

above").

14.     In determining whether to approve a proposed settlement, a bankruptcy

court need not decide the numerous issues of law and fact raised by the settlement but, rather,

should "canvas the issues and see whether the settlement 'falls below the lowest point in the

range of reasonableness.'"  Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.

1983); In re Purified Down Prods., 150 B.R. 519, 522 (S.D.N.Y. 1993) (in making the

determination of reasonableness, the court need not conduct a "mini-trial" on the merits).  "All

that [the proponent of the settlement] must do is establish [that] it is prudent to eliminate the

risks of litigation to achieve specific certainty though admittedly [the settlement] might be

considerably less (or more) than were the case fought to the bitter end."  Florida Trailer & Equip.

Co. v. Deal, 284 F.2d 567, 573 (5th Cir. 1960) (citation omitted).

**B.      The Settlement Falls Within the Range of Reasonableness**

15.     In the instant case, weighing the reasonableness factors for purposes of

Rule 9019, the Trustee has concluded that the Settlement Agreement should be approved.

16.    <u>First</u>, the Settlement Agreement will resolve all claims between the Parties arising from and solely related to the Property and the Interpleader.  The Parties reserve all rights and defenses related to any other claims asserted against MFGI.

17.    <u>Second</u>, further litigation would result in expense, inconvenience, and delay.  Judicial resolution of the dispute is in fact unnecessary, as the Trustee has acknowledged that the Property should be returned to Mr. Fane.

18.    <u>Finally</u>, the Settlement Agreement is the product of arm's-length negotiations between the Parties, and represents their collective good faith determination of the prospects of any litigation.

19.    Accordingly, the Trustee submits that the settlement and compromise embodied in the Settlement Agreement is appropriate in light of the relevant factors, is fair and equitable, and should be approved.

## NOTICE

20.    Notice of this Motion has been provided pursuant to the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief (ECF No. 418).  In addition, notice of this Motion has been published on the website of the Trustee (www.mfglobaltrustee.com).  The Trustee submits that no other or further notice need be given.

## NO PRIOR REQUEST

21.    No prior request for the relief sought in this Motion has been made to this or any other court.

## <u>CONCLUSION</u>

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed

Order annexed hereto as <u>Exhibit 2</u>, approving the Settlement Agreement and granting such

additional and further relief as the Court deems just and appropriate.


Dated:        New York, New York
              February 21, 2012

                                          HUGHES HUBBARD & REED LLP

                                          By: <u>/s/ James B. Kobak, Jr.</u>
                                               James B. Kobak, Jr.
                                               Christopher K. Kiplok
                                               Jeffrey S. Margolin
                                               Dina R. Hoffer
                                          One Battery Park Plaza
                                          New York, New York 10004
                                          Telephone:  (212) 837-6000
                                          Facsimile:  (212) 422-4726
                                          Email:  kobak@hugheshubbard.com

                                          Attorneys for James W. Giddens, Trustee for
                                          the SIPA Liquidation of MF Global Inc.

# **<u>EXHIBIT 1</u>**

## SETTLEMENT AGREEMENT RESOLVING INTERPLEADER COMPLAINT

This Settlement Agreement Resolving Interpleader Complaint (the "Settlement Agreement") is entered into this 21st day of February, 2012, by and between HSBC Bank USA, National Association ("HSBC" or the "Interpleader Plaintiff"), Jason Fane ("Mr. Fane") and James W. Giddens, in his capacity as trustee (the "Trustee," together with Mr. Fane, the "Interpleader Defendants" and, together with Mr. Fane and HSBC, the "Parties") for the liquidation of the business of MF Global Inc. ("MFGI"), under the Securities Investor Protection Act ("SIPA") of 1970, as amended, 15 U.S.C. § 78aaa et seq.

WHEREAS, prior to the commencement on October 31, 2011 (the "Filing Date") of the above-captioned SIPA liquidation proceeding of MFGI, which is currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Mr. Fane took delivery, through a customer trading account cleared by MFGI, of five COMEX gold futures contracts and three COMEX silver futures contracts relating to five gold bars and fifteen silver bars being held by HSBC, as further described in Exhibit A hereto (the "Property");

WHEREAS, prior to the Filing Date, Mr. Fane requested that the Property be transferred from HSBC to Mr. Fane's Brink's account, Account No. 121634 (the "Brink's Account"); accordingly, the contracts relating to the Property were cancelled for loadout by MFGI employees prior to the Filing Date and thus the Property did not enter the Trustee's control on the Filing Date;

WHEREAS, HSBC is the depository for the Property pursuant to a certain Gold Delivery Point Agreement and a certain Silver Delivery Point Agreement entered into between HSBC and the New York Mercantile Exchange, Inc.;

WHEREAS, at all times prior to the Filing Date and through the present, HSBC has been in possession of, and has not had any ownership interest in, the Property;

WHEREAS, as a result of HSBC having received competing claims and instructions from the Interpleader Defendants regarding ownership and disposition of the Property, on December 8, 2011, HSBC commenced the above-captioned adversary proceeding (the "Interpleader"), requesting that the Bankruptcy Court adjudicate the rights of the Interpleader Defendants in the Property without need for further involvement by HSBC;

WHEREAS, the Interpleader Plaintiff and the Interpleader Defendants have engaged in good faith negotiations in an attempt to resolve the Interpleader without further cost and litigation;

WHEREAS, the Trustee has advised HSBC that:  (i) upon review of the books and records of MFGI, the Trustee has determined that the Property is not customer property under the regulations of the Commodity Futures Trading Commission, 17 C.F.R. §§ 190.01 through 190.10 (the "Part 190 Regulations"); and (ii) MFGI has no interest in the Property;

WHEREAS, the Trustee has instructed HSBC to release the Property to Mr. Fane upon the Bankruptcy Court's approval of this Settlement Agreement pursuant to a Final Order (as defined herein) issued by this Court; and

WHEREAS, the Interpleader Plaintiff and the Interpleader Defendants have reached an agreement and desire to resolve the Interpleader upon the terms set forth herein;

NOW, THEREFORE, in consideration of the promises and respective agreements set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties stipulate and agree as follows:

1.    This Settlement Agreement is effective as of the date it has been approved by the Bankruptcy Court pursuant to a Final Order issued by the Court.  For purposes of this

Settlement Agreement, "Final Order" shall mean an order of the Bankruptcy Court:  (i) that is not subject to a stay of effectiveness; and (ii) as to which (a) the time to appeal, petition for certiorari or move for reargument or rehearing has expired and as to which no timely appeal, petition for certiorari or other proceedings for reargument or rehearing shall then be pending or (b) if a timely appeal, writ of certiorari, reargument or rehearing thereof has been sought, shall have been affirmed by the highest court to which such order was appealed, or certiorari shall have been denied or reargument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for certiorari, or move for modification of such order, or move for reargument or rehearing shall have expired.

2.      The Property is not, and shall not be deemed to be, customer property under the Part 190 Regulations, and neither MFGI nor any of MFGI's past, present or future predecessors, successors, assigns or transferees has or shall have any interest in the Property.

3.      HSBC is hereby authorized and directed to deliver the Property to Mr. Fane's Brink's Account within ten (10) days of entry of a Final Order approving this Settlement Agreement.  Mr. Fane shall arrange for the transportation of the Property from HSBC to the Brink's Account and shall be solely responsible for any and all costs incurred in connection with the delivery of the Property.

4.      Except with respect to the obligations set forth in this Settlement Agreement, each of the Interpleader Defendants and their respective past, present, and future predecessors, successors, parents, subsidiaries, affiliates, related entities, assigns, transferees, agents, representatives, directors, officers, employees, shareholders, insurers, and attorneys hereby forever release, acquit, and discharge the  Interpleader Plaintiff, as well as each of its past, present, and future predecessors, successors, parents, subsidiaries, affiliates, assigns, transferees, agents, representatives, directors, officers, employees, shareholders, insurers, and

attorneys from any and all claims (as defined in section 101(5) of the Bankruptcy Code) that each Interpleader Defendant respectively has against the Interpleader Plaintiff solely with respect to the Property and the Interpleader.

5.       Except with respect to the obligations set forth in this Settlement Agreement, the Interpleader Plaintiff and its past, present, and future predecessors, successors, parents, subsidiaries, affiliates, related entities, assigns, transferees, agents, representatives, directors, officers, employees, shareholders, insurers, and attorneys hereby forever release, acquit, and discharge:  (i) Mr. Fane and his past, present, and future predecessors, successors, assigns, heirs, transferees, agents, representatives, employees, insurers, and attorneys from any and all claims (as defined in section 101(5) of the Bankruptcy Code) solely with respect to the Property and the Interpleader; and (ii) the Trustee and the MFGI estate and their respective past, present, and future predecessors, successors, parents, subsidiaries, affiliates, related entities, assigns, transferees, agents, representatives, directors, officers, employees, shareholders, insurers, and attorneys from any and all claims (as defined in section 101(5) of the Bankruptcy Code) solely with respect to the Property and the Interpleader.

6.       The Interpleader Plaintiff and the Interpleader Defendants, by and through their undersigned counsel, if applicable, each represent and warrant that the undersigned is fully authorized and empowered to enter into this Settlement Agreement on behalf of, and to bind, the Interpleader Plaintiff and the Interpleader Defendants, as applicable.  This Settlement Agreement shall be binding upon the Interpleader Plaintiff and the Interpleader Defendants, and each of their respective predecessors, successors, affiliates, assigns and transferees, but is expressly subject to and contingent upon approval of the Settlement Agreement by the Bankruptcy Court by entry of a Final Order.  If the Bankruptcy Court does not approve this Settlement Agreement, or any

order approving the Settlement Agreement does not become a Final Order, this Settlement

Agreement shall be null and void.

7.    Each Party warrants that it either has been represented and advised by

counsel or has had the full opportunity to be represented and advised by counsel with respect to

this Settlement Agreement and all matters covered by it.  The Parties each declare that their

respective decisions in executing this Settlement Agreement, by and through their undersigned

counsel, if applicable, are not predicated on or influenced by any declaration or representation of

any other Party, except as expressly provided herein.  The Parties hereto agree that they have

carefully read this Settlement Agreement, and that they understand all of its terms and

conditions, know its contents, and have signed below as their respective free and voluntary acts.

8.    This Settlement Agreement shall constitute the entire agreement by and

among the Parties hereto regarding the matters addressed herein.  No extrinsic or parol evidence

may be used to vary any of the terms herein.  All representations, warranties, inducements,

and/or statements of intention made by the Parties are embodied in this Settlement Agreement,

and no Party hereto relied upon, shall be bound by, or shall be liable for any alleged

representation, warranty, inducement, or statement of intention that is not expressly set forth in

this Settlement Agreement.

9.    No modification, amendment or waiver of any of the terms or provisions

of this Settlement Agreement shall bind any Party unless such modification, amendment or

waiver is in writing, and has been executed by a duly authorized representative of the Party

against whom such modification, amendment or waiver is sought to be enforced.  If any part of

this Settlement Agreement is held to be unenforceable by any court of competent jurisdiction, the

unenforceable provision shall be deemed amended to the least extent possible in order to render

it enforceable and the remainder of this Settlement Agreement shall remain in full force and effect.

10.     The Interpleader Plaintiff and the Interpleader Defendants are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Settlement Agreement.  No failure to exercise nor any delay in exercising any right, remedy, power or privilege under this Settlement Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, power, or privilege operate as a waiver of any further or complete exercise thereof.  No waiver shall be effective unless in writing.  No waiver or condonation of any breach on one occasion shall be deemed a waiver of condonation on any other occasion.

11.     This Settlement Agreement may be executed in any number of counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute one and the same agreement.  Copies of this Settlement Agreement or counterparties may be used for any purpose as an original.  Signature pages delivered by facsimile or via electronic mail in portable document format (.pdf) shall be deemed original.

12.     The Parties acknowledge that this Settlement Agreement is the joint work product of all of the Parties, and that, accordingly, in the event of ambiguities in this Settlement Agreement, no inferences shall be drawn against any Party on the basis of authorship of this Settlement Agreement.

13.     This Settlement Agreement shall be governed by and construed in accordance with SIPA, the Part 190 Regulations, the Bankruptcy Code and the laws of the State of New York, without regard to the conflict of laws principles thereof.  The Bankruptcy Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to

this Settlement Agreement, including subsequent requests to modify, or disputes concerning

enforcement of, this Settlement Agreement.

14.    Any notices to HSBC pursuant to this Settlement Agreement shall be

served upon HSBC at the following address:

Victoria Cumings, Esq.
Vice President, Senior Legal Counsel
HSBC Securities (USA) Inc.
Global Banking and Markets
452 Fifth Avenue
New York, New York 10018

With a copy to HSBC's counsel at the following addresses:

Jesse H. Austin, III, Esq.
Paul Hastings LLP
600 Peachtree Street, N.E.
Twenty-Fourth Floor
Atlanta, Georgia 30308
Telephone: (404) 815-2400
Facsimile: (404) 815-2424

- and -

Bryan R. Kaplan, Esq.
Paul Hastings LLP
Park Avenue Tower
75 East 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Any notices to the Trustee pursuant to this Settlement Agreement shall be served upon the
Trustee's counsel at the following address:

Jeffrey S. Margolin, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6375
Facsimile: (212) 422-4726

Any notices to Mr. Fane pursuant to this Settlement Agreement shall be served upon Mr. Fane at
the following address:

Jason Fane
102 Prospect Street #500
Ithaca, New York 14850
Telephone: (646) 717-4811

With a copy to:

Daria Fane
1916 Partners
Ten Rockefeller Plaza, Suite 1016
New York, New York  10020
Telephone: (917) 232-3526
Facsimile: (212) 751-1221


              15.     Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, as made

applicable by Rule 7041(a) of the Federal Rules of Bankruptcy Procedure, the Interpleader shall

be deemed dismissed upon entry of a Final Order approving this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement

as of the date set forth in the first paragraph.

PAUL HASTINGS LLP                                    HUGHES HUBBARD & REED LLP

By: _____                          By: _____

    Jesse H. Austin, III, Esq.                              James B. Kobak, Jr., Esq.
    600 Peachtree Street, N.E.                           Jeffrey S. Margolin, Esq.
    Twenty-Fourth Floor                                      One Battery Park Plaza
    Atlanta, Georgia 30308                                 New York, New York 10004-1482
    Telephone: (404) 815-2400                           Telephone: (212) 837-6000
    Facsimile: (404) 815-2424                            Facsimile: (212) 422-4726

    - and -                                                        *Counsel to James W. Giddens, as Trustee*
                                                                   *for the SIPA Liquidation of MF Global Inc.*
    Bryan R. Kaplan, Esq.
    Park Avenue Tower
    75 East 55th Street, First Floor
    New York, New York 10022
    Telephone: (212) 318-6000
    Facsimile: (212) 319-4090

    *Counsel to the Interpleader Plaintiff*

_____

    Jason Fane
    102 Prospect Street #500
    Ithaca, New York 14850
    Telephone: (646) 717-4811

    *Interpleader Defendant*

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement

as of the date set forth in the first paragraph.

PAUL HASTINGS LLP                          HUGHES HUBBARD & REED LLP


By:_____                        By: _____

   Jesse H. Austin, III, Esq.                  James B. Kobak, Jr., Esq.
   600 Peachtree Street, N.E.                  Jeffrey S. Margolin, Esq.
   Twenty-Fourth Floor                         One Battery Park Plaza
   Atlanta, Georgia 30308                      New York, New York 10004-1482
   Telephone: (404) 815-2400                   Telephone: (212) 837-6000
   Facsimile: (404) 815-2424                   Facsimile: (212) 422-4726

   - and -

   Bryan R. Kaplan, Esq.                    *Counsel to James W. Giddens, as Trustee*
   Park Avenue Tower                        *for the SIPA Liquidation of MF Global Inc.*
   75 East 55th Street, First Floor
   New York, New York 10022
   Telephone: (212) 318-6000
   Facsimile: (212) 319-4090

   *Counsel to the Interpleader Plaintiff*


_____

Jason Fane
102 Prospect Street #500
Ithaca, New York 14850
Telephone: (646) 717-4811

*Interpleader Defendant*

**EXHIBIT A**

## __Description of Property__

COMEX Gold Contracts

| Warrant Numbers | Troy Ounces |
|---|---|
| CG311052 | 99.52 |
| CG311053 | 97.21 |
| CG311054 | 98.11 |
| CG311055 | 96.31 |
| CG311056 | 99.97 |

COMEX Silver Contracts

| Warrant Numbers | Troy Ounces |
|---|---|
| CS324443 | 4,999.20 |
| CS324444 | 4,953.30 |
| CS324445 | 4,977.40 |

## **EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| MF GLOBAL INC., | Case No. 11-2790 (MG) SIPA |
| Debtor. | |
| HSBC BANK USA, NATIONAL ASSOCIATION, | |
| Interpleader Plaintiff, | |
| v. | Adv. Proc. No. 11-2924 (MG) |
| JASON FANE and JAMES W. GIDDENS, in his capacity as Trustee for MF Global Inc., | |
| Interpleader Defendants. | |

**[PROPOSED] ORDER PURSUANT TO FED. R. BANKR. P. 9019(a)**
**APPROVING SETTLEMENT AGREEMENT**

Upon the Motion[1] dated February 21, 2012, of James W. Giddens (the "Trustee"),
as Trustee for the liquidation of the business of MF Global Inc. ("MFGI" or the "Debtor"),
pursuant to the Securities Investor Protection Act ("SIPA"), for entry of an order (this "Order")
under Bankruptcy Rule 9019(a) for approval of a settlement and compromise among HSBC
Bank USA, National Association ("HSBC"), Jason Fane, and the Trustee (together with Mr.
Fane and HSBC, the "Parties"); and the Court having jurisdiction to consider the Motion and the
relief requested therein in accordance with SIPA § 78eee(b)(4); and venue being proper before
this Court pursuant to SIPA § 78eee(a)(3) and 15 U.S.C. § 78aa; and it appearing that the relief
requested by the Motion is necessary and in the best interests of the estate, its customers, its

---

1.  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

creditors, and all parties in interest; and it appearing that no other or further notice is necessary

except as provided herein; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Settlement Agreement dated as of February 21, 2012 between

the Trustee, HSBC, and Jason Fane is authorized and approved pursuant to Bankruptcy Rule

9019, and that the failure to specifically include any particular provision of  the Settlement

Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being

the intent of the Court that the Parties' implementation of the transactions contemplated in the

Settlement Agreement be approved in their entirety; and it is further

ORDERED that, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure,

as made applicable by Bankruptcy Rule 7041(a), the Interpleader shall be deemed dismissed

upon this Order becoming final and non-appealable; and it is further

ORDERED that the Parties are authorized to execute, deliver, implement and

fully perform any and all obligations, instruments, documents and papers and to take any and all

actions reasonably necessary to consummate the Settlement Agreement and perform any and all

obligations contemplated therein; and it is further

ORDERED that any stay of this Order provided by the Bankruptcy Rules

(including, without limitation, Bankruptcy Rule 6004(h)) is waived and this Order shall be

effective and enforceable immediately upon entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters relating to

the interpretation, implementation, or enforcement of the Settlement Agreement and this Order.

Dated:    New York, New York
             _____ __, 2012

                                              _____
                                              Honorable Martin Glenn
                                              United States Bankruptcy Judge